## ELEANOR BAYLIES
### vs.
## ALFRED LAITY, Admr., Estate of Matthew H. Laity

Superior Court        New Haven County            File #46033

James F. Fay,                    Attorney for the Plaintiff.

Carl F. Bollman,
Clifford B. Sturges,            Attorneys for the Defendant.

### MEMORANDUM FILED APRIL 9, 1936.

O'SULLIVAN, J.   In 1932, the late Dr. Laity, orally promised Miss Eleanor Baylies, the plaintiff, to provide for her comfortably in his will upon her promise, then made to marry and remain with him during his life.   At this time, the doctor was living with his brother in New Haven and Miss Baylies was acting as a housekeeper for their apartment.   This she continued to do until February, 1935, when the doctor went to Florida.   Upon his return to Connecticut he went to live with another brother, at whose home he died in 1930 without having married Miss Baylies.   He left a will, but no provision was made in it for the plaintiff.   This failure so to provide prompts this action against the administrator on Dr. Laity's estate.

The difficulty with the plaintiff's case is two-fold.   In the first place, she is confronted by the statute of frauds, the pertinent portion of which provides that no civil action shall be maintained upon any agreement made upon consideration of marriage unless such agreement, or some memorandum thereof, be made in writing.   An oral agreement of two persons to marry each other is not within the statute.   **Clark vs. Pendleton, 20 Conn., 495.**   However, any other agreement in which the whole consideration or part of the consideration is a promise to marry falls squarely within the statute.   **Restatement of the Law of Contracts, Vol. 1, Page 251.**   That principle is a complete answer to the plaintiff's claim and prevents any recovery under the agreement.

But this aside, the agreement itself is incapable of supporting the action because its terms are too indefinite and vague for enforcement.   We have not a situation where one has promised to leave five thousand dollars or fifty thousand dollars or any other definite sum.   While it is true that the difficulty of proof of damages does not preclude a court from assessing them when there is some evidence to support them,, it is incumbent upon a plaintiff in a contract action to prove his damages with all the certainty which is reasonably possible even though he is not precluded from a recovery where exactness is not possible.   **Bartolotta vs. Calvo, 112 Conn. 385, 396.**

Furthermore, the damages to be assessed must have been within the contemplation of the parties.   This Court has no

reliable evidence as to what the parties had in mind when the decedent agreed "to provide for (the plaintiff) comfortably in his will" and confronted by this situation, it, does not propose to take a wild guess upon the subject.

Nor are we concerned with the possibility of recovery under quantum meruit, for that question was expressly waived by counsel for Miss Baylies during the course of the trial.

Let judgment then enter for the defendant.